**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GERNARD CHESTNUT,**

    **Plaintiff,**

vs.                                             **Case No. 4:11cv225-MP/CAS**

**CAPTAIN KIMBERLY PETERSEN,
et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Defendants' filed a motion to dismiss, doc. 48, on July 5, 2012. Plaintiff was directed to respond to the motion, doc. 49, and his response was filed on August 10, 2012. Doc. 50. Thereafter, Defendants' filed a motion to withdraw the motion to dismiss only as to Plaintiff's claim against Defendant Petersen concerning the June 15, 2010, incident, the May 5, 2011, incident also concerning Defendant Petersen, and Plaintiff's claim against Defendant Gilmore for the use of force on June 9, 2010.[1] The motion to withdraw, doc. 51, was granted, doc. 53, and the motion to dismiss, doc. 48, is ready for a ruling.

---

[1] Defendants withdrew the motion to dismiss as to those limited claims because they were "unable to conclusively prove that" Plaintiff failed to exhaust administrative remedies in light of Plaintiff's affidavit that he submitted grievances to jail staff. Doc. 51 at 2.

**Allegations of the Complaint and Motion to Dismiss**

Plaintiff filed a sixth amended complaint alleging several uses of excessive and unnecessary force by jail officials. Doc. 26. The incidents alleged which are relevant to the motion to dismiss, and which were not withdrawn, are that (1) in June 2010, Defendants Gilmore and Hoffman used excessive force and assaulted Plaintiff; (2) on June 9, 2010, Defendant Mitchell failed to intervene when Defendant Gilmore assaulted Plaintiff; (3) on June 15, 2010, Defendant Mitchell retaliated against Plaintiff; (4) on May 5, 2011, Defendants Brown and Carrouth retaliated against Plaintiff; and (5) on May 6, 2011, Defendants Parramore and Richter used excessive force on Plaintiff. Doc. 26 at 6-7. Defendants contend that each of these claims should be dismissed because Plaintiff failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). Doc. 48.

Defendants explain that pursuant to jail procedures, an inmate is required to first submit his complaint on a "Note from Prisoner" form. Doc. 48 at 3; doc. 48-1 (Wood affidavit). If the inmate feels the issue has "not been resolved, he may file a formal Grievance by completing a second Note from Prisoner to the Jail Administrator, attaching a copy of the original note describing the initial complaint." *Id.* The Jail Administrator will reply to the inmate with a written response. *Id.*

Defendants contend that although Plaintiff has submitted "nearly 300 Notes from Prisoner" complaints between May 30, 2010, and January 6, 2012, and four Grievances submitted between that same period of time, none of those concern the incidents Plaintiff alleges in the instant civil rights complaint. Doc. 48 at 3. The four Grievances (the second step of the grievance process) were filed on March 31, 2011, April 4, 2011,

May 16, 2011, and July 21, 2011. *Id.* The March grievance concerned the fact that Plaintiff was required to kneel and cross his ankles for cell cleanup; the April grievance was for the denial of legal material; the May grievance was for the denial of medical attention; and the July grievance was for the denial of legal material. Doc. 48-1 at 3. None of the grievances concern the use of force or retaliation. *Id.* Additionally, Defendants advise that Plaintiff's inmate file also contains "numerous letters and memoranda of complaints" by Plaintiff, but none of those concern the incidents alleged in Plaintiff's complaint. Doc. 48 at 3-4.

**Plaintiff's Opposition to the Motion to Dismiss, doc. 50**

Plaintiff submitted an affidavit in which he states that he "did submit grievances to each one of [his] claims against Captain Kimberly Petersen et al. Defendants . . . ." Doc. 50 at 2. Plaintiff asserts that he had grievances notarized because he believed Defendants would "attempt to lie and say [he] did not write grievances." *Id.* Plaintiff states that he "exhausted all remedies contrary to Defendants' false allegations . . . ." *Id.* Attached to Plaintiff's affidavit is a document Plaintiff titled as a "civil rights violation supplement evidence" in which Plaintiff indicates it was provided to the Leon County Court. Doc. 50 at 3-5. That document is signed by Plaintiff, dated May 11, 2011, and notarized by Michael J. Buettner, but it does not demonstrate that Plaintiff submitted a Note from Prisoner and then a formal grievance to jail staff concerning the claims raised in this case. The next page in Plaintiff's response is a copy of an inmate grievance tracking log, doc. 50 at 6, which also fails to provide evidence that Plaintiff grieved the incidents raised in this civil rights action. The final page in Plaintiff's response is a one page letter directed to Sheriff Larry Campbell and Major Mike Wood at the Jail,

notarized again my Michael J. Buettner, which complains about the directive given by Defendant Peterson to require Plaintiff to get on his knees and place his hands behind his head and cross his ankles when he is placed in handcuffs and shackles. Doc. 50 at 7. That document does not demonstrate that Plaintiff exhausted administrative remedies either.

**Analysis**

When the Prison Litigation Reform Act was enacted, Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a), *quoted in* doc. 38, pp. 4-5. The exhaustion requirement of § 1997e(a) is mandatory, Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998), but not jurisdictional, however. Bryant v. Rich, 530 F.3d 1368, 1374 n.10 (11th Cir.), *cert. denied*, 129 S.Ct. 733 (2008) (citing Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2392, 165 L.Ed.2d 368 (2006)). The Court may not consider the adequacy or futility of administrative remedies, but only the availability of such. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000), *citing* Alexander, 159 F.3d at 1323. Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively. Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204-209,

127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007).[2] If one claim is unexhausted, the Court may separate that claim out and proceed on only those claims that have been exhausted. Brown v. Sikes, 212 F.3d 1205, 1206, n.1 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons).

A prisoner must also comply with the process set forth and established by the grievance procedures. See Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). In other words, not only must a prisoner exhaust a claim under § 1997e(a), the "PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006) (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed requirements). Even if a grievance is initially denied as untimely, a prisoner must appeal the denial of the grievance. See Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999)(noting Georgia's inmate grievance procedures allow "the grievance coordinator to waive the time period for filing a grievance if 'good cause' is shown"); Bryant v. Rich, 530 F.3d at 1373

Defendants "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008), *relying on* Jones v. Bock, 549 U.S. 199, 127 S.Ct. at 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the

---

[2] The Court further rejected the view of the Sixth Circuit when it concluded that "nothing in the statute [§ 1997e(a)] imposes a 'name all defendants' requirement." Jones v. Bock, 549 U.S. at 217-219, 127 S.Ct. at 922-923 (concluding "that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances.").

PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Dixon v. United States, 548 U.S. 1, 8, 126 S.Ct. 2437, 2443, 165 L.Ed.2d 299 (2006) (stating that, as a "general evidentiary rule," the burdens of production and persuasion are given to the same party); Roberts v. Barreras, 484 F.3d 1236, 1240 (10th Cir. 2007) ("Jones does not spell out the proper burden of proof to use in evaluating exhaustion claims, but circuits that treated exhaustion as an affirmative defense prior to Jones have all put the burden of proof on defendants, to the extent that they addressed the issue.").

      Defendants came forward with evidence concerning Plaintiff's exhaustion efforts, and Plaintiff was provided with the opportunity to refute the Defendant's argument that Plaintiff failed to exhaust and demonstrate on the record that he had in fact exhausted administrative remedies. Defendants presented an affidavit which demonstrates Plaintiff did not file any grievances concerning these claims from Plaintiff's sixth amended complaint: (1) that in June 2010, Defendants Gilmore and Hoffman used excessive force assaulted Plaintiff; (2) on June 9, 2010, Defendant Mitchell failed to intervene when Defendant Gilmore assaulted Plaintiff; (3) on June 15, 2010, Defendant Mitchell retaliated against Plaintiff; (4) on May 5, 2011, Defendants Brown and Carrouth retaliated against Plaintiff; and (5) on May 6, 2011, Defendants Parramore and Richter used excessive force on Plaintiff. Doc. 26 at 6-7. Plaintiff has not shown that he grieved these issues. Plaintiff presented a self-serving conclusory affidavit that he exhausted administrative remedies, but Plaintiff has not presented this Court with even one copy of a Note from Prisoner form or a formal grievance which raises any of the five claims listed above. Because the Jail's grievance forms are duplicate forms, Plaintiff

should have had a copy of his alleged grievances to submit. Because Plaintiff failed to do so, Plaintiff has failed to demonstrate that he exhausted administrative remedies as required by § 1997e(a). Defendants' motion to dismiss the five claims concerning the use of force and retaliation must be granted and those claims dismissed from this action.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss, doc. 48, be **GRANTED**. The motion should be **GRANTED** as to these five claims against Defendants Gilmore, Hoffman, Mitchell, Brown, Carrouth, Parramore, and Richter that: (1) in June 2010, Defendants Gilmore and Hoffman used excessive force assaulted Plaintiff; (2) on June 9, 2010, Defendant Mitchell failed to intervene when Defendant Gilmore assaulted Plaintiff; (3) on June 15, 2010, Defendant Mitchell retaliated against Plaintiff; (4) on May 5, 2011, Defendants Brown and Carrouth retaliated against Plaintiff; and (5) on May 6, 2011, Defendants Parramore and Richter used excessive force on Plaintiff. Those Defendants should be **DISMISSED** from this action because Plaintiff failed to exhaust administrative remedies pursuant to § 1997(e), and the case should be **REMANDED** for further proceedings on the surviving claims against Defendant Petersen concerning the June 15, 2010, and May 5, 2011, incidents, and Plaintiff's claim against Defendant Gilmore for the use of force on June 9, 2010.

**IN CHAMBERS** at Tallahassee, Florida, on November 16, 2012.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**